# LAW OFFICE OF
# ZACHARY MARGULIS-OHNUMA

July 14, 2020

**Via ECF**

Hon. P. Kevin Castel
United States Courthouse
500 Pearl Street
New York, NY 10007

> Joinder is noted. Disclosure extended to July 28, 2020 as to all defendants.
> SO ORDERED.
> Dated: 7/15/2020
>
> *P. Kevin Castel*
> P. Kevin Castel
> United States District Judge

RE: <u>U.S. v. Paul Arce</u>, 20 Cr. 292 (PKC)

Dear Judge Castel:

  This office represents Paul Arce in the above-captioned matter. The next conference before the court is scheduled for July 28, 2020 at 9:30 a.m.

  Mr. Arce was presented before Magistrate Judge Sarah Netburn on July 8, 2020 pursuant to the S-3 superseding indictment, which was unsealed that day. I believe that the grand jury that indicted Mr. Arce may have been sitting in White Plains, New York, or operating remotely as a result of the unique circumstances presented by the COVID-19. Because of potential irregularities in the indicting grand jury procedures, I write to join motions filed by Mr. Arce's co-defendants and other defendants in this district for information regarding the grand jury procedures under the Jury Selection and Service Act ("JSSA"), 28 U.S.C. §§ 1867(a) and (f). <u>See</u> ECF No. 18 (Davila motion to inspect grand jury records dated June 29, 2020). Mr. Arce respectfully requests access to all papers and records used in connection with the composition of the Master and Qualified Grand Jury Wheels in the Southern District of New York, including but not limited to all records particularly requested in Mr. Davila's motion. <u>See</u> ECF No. 18 at 4-7.

  Mr. Arce consents to the government's request, filed today, to adjourn any deadline for the disclosure of records until July 28, 2020.

**LAW OFFICE OF ZACHARY MARGULIS-OHNUMA**

As the Court is aware from the prior proceedings brought by Mr. Arce's co-defendants, Section 1867(f) of Title 28 of the United States Code states that "the parties shall …be allowed to inspect, reproduce, and copy … records or papers [used by the commission or clerk in connection with the jury selection process] at all reasonable times during the preparation and pendency of … a motion under subsection (a)." See also Test v. U.S., 420 U.S. 28, 30 (1975) (right to inspect records is supported "not only by the plain text of the statute, but also by the statute's overall purpose in insuring 'grand and petit juries selected at random from a fair cross section on the community.'"), quoting 28 U.S.C. § 1861(d)). Inspection of the grand jury materials is essential to a defendant's ability to evaluate whether the challenge is potentially meritorious. See Test, 420 U.S. at 30.

To invoke "himself of [the] right of access to otherwise unpublic jury selection records, a litigant need only allege that he [or she] is preparing a motion challenging the jury selection procedures." U.S. v. Alden, 776 F.2d 771, 773 (8th Cir. 1985) (internal citations omitted). Thus, Mr. Arce is not required to make any showing the probability of the motion's success to obtain access to the requested records. See, e.g., U.S. v. Williamson, 903 F.3d 124, 133 (D.C. Cir. 2018); U.S. v. Royal, 100 F.3d 1019, 1025 (1st Cir. 1996). We hereby assert that Mr. Arce is preparing such a motion.

Mr. Arce does not seek personal identifying information for individuals whose records are maintained by the jury clerk's office.

In addition, I understand that the government has in other cases maintained that a defendant's motion to dismiss an indictment under the JSSA is premature if made before the defendant has access to the grand jury selection materials sought in the instant motion. See U.S. v. Tyshawn Corbett, et al., 20 Cr. 213 (KAM) (E.D.N.Y. July 8, 2020), ECF No. 27 at 2, n. 2. Nevertheless, in an abundance of caution, I respectfully seek leave to file such a motion to dismiss the indictment at a later date, to be set by the Court once the defense has been provided an opportunity to inspect the grand jury records that are the subject of the requests made herein. See 28 U.S.C. § 1867(a) (defendants may raise JSSA challenge "before the voir dire examination begins, or within seven days after the

**LAW OFFICE OF ZACHARY MARGULIS-OHNUMA**

defendant discovered or could have discovered, by the exercise of due diligence, the grounds therefor, whichever is earlier").

Thank you for your attention to this case.

Very truly yours,

*Zachary Margulis-Ohnuma*

Zachary Margulis-Ohnuma

CC: All Counsel (via ECF and email)

7/14/20
Page 3